USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

                     Plaintiff,

  -against-

Shawn Rains

                     Defendant.

No. 22-cr-18 (NSR)
**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Defendant Shawn Rains ("Defendant"), a United States citizen, has been charged with one count of conspiracy to commit mail fraud (18 U.S.C. § 1349), one count of mail fraud (18 U.S.C. §§ 1341 and 2), and conspiracy to commit money laundering (18 U.S.C. § 1956(h)). (*See* ECF No. 2, Indictment.). At his February 16, 2022 bail hearing, Magistrate Judge Krause granted on consent bail with several conditions, including, *inter alia*, surrender of Defendant's passport and restrictions on travel to the Southern and Eastern District of New York, the District of New Jersey, and the states of California, Indiana, and Florida. (*See* ECF No. 22.) Magistrate Judge Krause denied Defendant's request to be able to travel to France to reside with his wife and maintain their language school in Bordeaux, France, during the pre-trial period, in light of flight risk concerns. (*Id*. at 34–36.)

    Defendant appealed Magistrate Judge Krause's order to this Court, and requested a *de novo* bail review on the condition that he surrender his U.S. passport and not be able to travel to France. (ECF No. 33.). On February 24, 2022, the Court affirmed the bail conditions imposed by Magistrate Judge Krause, finding that the conditions were the least minimally restrictive to assure that Defendant would not pose a flight risk. (*Id*. at 22–23.)

On August 30, 2022, Defendant requested a bail modification hearing in light of changed circumstances, and asked that the Court reconsider the bail condition that he surrender his passport and that he be allowed to travel to France. Defendant indicated that his wife, who lives alone in France, has developed a non-terminal health issue that has compromised her ability to live autonomously and manage the couple's English language school in Bordeaux, France. In support of his application, Defendant submitted a health certificate signed by his wife's doctor, copies of prescriptions and diagnostic tests ordered and signed by her doctor, and a letter from his wife's physiotherapist confirming Mrs. Rain's ailments and attendance in physical therapy. Defendant further proposed to increase the bond amount and abide by security and monitoring conditions. A bail modification hearing was held on September 28, 2022, and the Court heard oral argument from the Government and Defendant's counsel.

For the reasons discussed below, Defendant Rains' application is DENIED.

## LEGAL STANDARD

Under the Bail Reform Act, courts are required to release a defendant "subject to the least restrictive further condition, or combination of conditions, that [it] determines will reasonable assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Under 18 U.S.C. § 3142(e), defendant should be detained if no condition or combination of conditions can "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). This requires courts to assess whether a defendant is either "(1) a danger to the community or (2) a flight risk." *United States v. Epstein*, 425 F. Supp. 3d 306, 312 (S.D.N.Y. 2019) (citing 18 U.S.C. § 3142(e)). A court does not need to find that both bases are proven to order a defendant's detention. *Id.*; *see also United States v. Blanco*, 570 F. App'x 76, 78 (2d Cir. 2014) (declining to

consider whether a risk of danger to the community warranted detention where there was a finding of risk of flight).

The Court "may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Courts have found that judicial "authorization to amend a release order" under § 3142(c) arises where there is "a changed situation or new information [that] warrant[s] altered release conditions." *United States v. Dzhamgarova*, No. 21 Cr. 58 (MKV), 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021) (internal quotation marks and citations omitted); *see also United States v. Falcetti*, No. 02 CR 140(ILG), 2002 WL 31921179, at *1 (E.D.N.Y. Oct. 31, 2002) ("Conditions of bail should properly be modified if a substantial change in circumstances as they existed at the time bail was fixed is clearly shown."). "When considering an application to modify a defendant's bail conditions, the Court considers 'the statutory standards applicable to the setting of bail.'" *Dzhamgarova*, 2021 WL 3113036, at *1 (quoting *United States v. Zuccaro*, 645 F.2d 104, 106 (2d Cir. 1981)). "Specifically, the Court considers the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, the defendant's personal characteristics and criminal history, and the nature of the danger to the community posed by modification." *Id*. (citing 18 U.S.C. § 3142(g)).

It is the Government's burden to establish by preponderance of the evidence that the defendant "'presents an actual risk of flight' and that 'no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court.'" *United States v. Boustani*, 923 F.3d 79 (2d Cir. 2019) (quoting *United States v. Sabhanani*, 493 F.3d 63, 75 (2d Cir. 2007)). The defendant "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a

3

danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

## DISCUSSION

The Court finds that Mrs. Rain's health conditions are not a change in circumstances that require a modification of Defendant's bail conditions.  As articulated by Magistrate Judge Krause and this Court in the prior bail hearings, and as argued by the Government during oral argument, Defendant presents a flight risk if he were permitted to travel and reside in France during the pre-trial period.  Defendant has failed to set forth in his submission or oral argument any new facts that address the flight risk concerns previously found to be the basis for ordering that Defendant surrender his passport and not be permitted to travel outside of the United States.  Specifically, Defendant failed to indicate how his wife's new health conditions allay or otherwise constitute changed circumstances as to the flight risk concerns.

From the outset, cases in this Circuit have rejected bail modification requests where a family member's health conditions did not relate to the determination of whether defendant is a flight risk or danger to society. *See, e.g., United States v. Harris*, No. 19-CR300, 2020 WL 4014901, at *3, *5 (S.D.N.Y. July 16, 2020) (holding defendant's "alleged changed family circumstances . . . d[id] not relate to . . . the determination of whether he is a risk of flight or a danger to the community" and therefore did not warrant reconsideration of initial detention order despite request for release based on death of defendant's father and two cousins, mother's health issues, and sister's work schedule that made it difficult to care for mother, among other reasons); *United States v. Garrett*, No. 11-CR-195S, 2012 WL 2573292, at *2 (W.D.N.Y. July 2, 2012) ("The information about defendant's [ill] grandfather does not suffice to mollify the Court's concerns that the nature of the charges, the history of bail and parole violations, and the other

4

information available mean that defendant continues to pose a flight risk and a danger to the community."); *United States v. Arrington*, No. 15-CR-33-A, 2022 WL 2586501, at *3 (W.D.N.Y. July 8, 2022) (regarding father's terminal stage-IV cancer and grandmother's declining health, "[w]hile the Court empathizes with Defendant's family circumstances, it agrees with the Government's response that Defendant has failed to present any new information material to his detention.").

During oral argument, the Government argued that Mrs. Rain's health conditions raises a new incentive for Defendant to stay in France and bail jump.  Defense counsel, on the other hand, argued that Defendant was living in France at the time of his indictment, and willingly came to the United States and surrendered himself.  In addition, Defense counsel stated that Defendant has no incentive to become a fugitive and rather, looks forward to the trial in light of recent productions and discovery.

Here, as previously found, the Court finds that modifying the bail conditions as requested by Defendant would raise flight risk concerns.  First, Defendant has substantial resources as his disposal—approximately $1.3 million in net worth.  Second, Defendant has substantial ties in France, including a home, a business, and his wife.  Third, Defendant faces substantial potential penalties, including a guidelines range of 57 to 71 months' imprisonment on the mail fraud charges, and up to 60 years imprisonment in total.  Fourth, there would be significant impediments in securing his appearance, including a long extradition process, if Defendant fails to voluntarily return to the United States.  All of these considerations, as previously found, indicate that Defendant presents a flight risk concern if he were he permitted to travel back to France. (*See* ECF No. 33, at 19, 21–22).  Therefore, requiring that Defendant surrender his passport presents the least minimally restrictive condition to assure that Defendant would not impose a flight risk.

## CONCLUSION

In light of the flight risk concerns and the Court's finding that Mrs. Rain's health conditions are not a changed circumstance that address those concerns, the Court DENIES Defendant's request to modify his current bail conditions.

Dated:  September 28, 2022                              SO ORDERED:
        White Plains, New York

                                                                         NELSON S. ROMÁN
                                                                   United States District Judge