USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

  -against-

SHAWN RAINS,

                  Defendant.

No. 22-CR-18-02 (NSR)
ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge

    Defendant Shawn Rains ("Rains" or "Defendant") is charged in a three-count Indictment with: (1) Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349; (2) Mail Fraud in violation of 18 U.S.C. §§ 1341 and 2; and (3) Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). (ECF No. 2, "Indictment.") On October 20, 2023, following a jury trial, Defendant was convicted on all three Counts.

    Before the Court is Defendant's Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33. For the following reasons, Defendant's Motion is DENIED.

## RELEVANT PROCEDURAL BACKGROUND

    The Court assumes familiarity with the factual and procedural background of this case, but it restates the below background for context.

    Jury selection for Defendant's trial began on October 11, 2023. On October 19, 2023, the Government rested its case, at which point Defendant made an oral motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, which the Court denied. (Trial Tr. 755:8-758:23.) On October 20, 2023, a jury convicted Defendant on all three Counts. (Tr. 932:14-933:4.) On December 11, 2023, Defendant filed a motion for a new trial pursuant to Rule 33 (the "Motion"). ("Mot.," ECF No. 99.) On January 5, 2024, the Government filed an opposition to Defendant's motion (the "Opposition"). ("Gov't Opp.," ECF No. 104.)

1

**LEGAL STANDARD**

Under Rule 33, "the court may vacate any judgment and order a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Courts typically grant Rule 33 motions "only in extraordinary circumstances." *United States v. Moore*, 54 F.3d 92, 99 (2d Cir. 1995); *accord United States v. Torres*, 128 F.3d 38, 48 (2d Cir. 1997). "The defendant bears the burden of proving that [he or she] is entitled to a new trial." *United States v. McCourty,* 562 F.3d 458, 475 (2d Cir. 2009).

While Rule 33 "confers broad discretion upon a trial court," the Court's granting of the motion must be predicated upon the need to avoid a perceived miscarriage of justice. *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). The Court must "examine the entire case, take into account all facts and circumstances, and make an objective evaluation." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). Still, it is axiomatic that the Court "must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *United States v. LeRoy*, 687 F.2d 610, 616 (2d Cir. 1982).

Only in exceptional circumstances may the Court intrude upon the jury function of credibility assessments. *See United States v. Canova*, 412 F.3d 331, 348-49 (2d Cir. 2005). For example, where testimony constitutes perjury, *see Sanchez*, 969 F.2d at 1413-14, or is "patently incredible or defies physical realities," the Court may reject such evidence despite the jury's evaluation, *see Ferguson*, 246 F.3d at 133 (quoting *Sanchez*, 969 F.2d at 1414). Nevertheless, a court's "rejection of trial testimony, by itself does not automatically permit Rule 33 relief." *Id.*; *see also Sanchez*, 969 F.2d at 1413-14 ("Even in a case where perjury clearly has been identified, however, we have indicated our reluctance to approve the granting of a new trial unless we can say that the jury probably would have acquitted in the absence of the false testimony."). The "ultimate test" for the Court's consideration is "whether letting a guilty verdict stand would be a manifest injustice [such that] . . . an innocent person may have been convicted." *Ferguson*, 246 F.3d at

2

133 (citation and quotation marks omitted); *see also United States v. Aponte-Vega*, 230 F.3d 522, 525 (2d Cir. 2000) (per curiam) (explaining that new trial "is merited only if . . . the evidence is such that it would probably lead to an acquittal") (internal quotations omitted)).

## DISCUSSION

### I.   "Conscious Avoidance" Jury Charge

Defendant *avers* the Court erred in instructing the jury that they could rely on a theory of "conscious avoidance" to find Defendant guilty on Counts One and Three. Specifically, Defendant argues the Court's instruction was "logically irreconcilable" with the specific intent requirement under Count 2, mail fraud. (Mot. at 4-5.) In response, the Government argues Defendant's position—which would prohibit the Government from relying on the "conscious avoidance" charge when charging both conspiracy and a substantive crime with a *mens rea* of specific intent—has been repeatedly rejected by the Second Circuit. The Court agrees with the Government.

Here, as Defendant does not dispute, the Court properly instructed the jury on the requisite *mens rea* for all three Counts.  On Counts One and Three, the conspiracy charges, the Court plainly instructs that the jury "may consider conscious avoidance only in deciding whether defendant knew the objective of the conspiracy," and "conscious avoidance cannot be used as a substitute for finding that the Defendant knowingly and intentionally joined the conspiracy in the first place." (Tr. 917:24-918:1; 918:6-8.) On Count Two, the substantive mail fraud charge, the Court clearly explained the jury must find "that the Defendant knowingly and willfully devised or participated in the scheme with the intent to defraud," and "[t]o act with intent to defraud means to act knowingly and with specific intent to deceive for the purpose of causing some financial or property loss to another." (Tr. 900:25-901:2; 904:8-10.) In case there was any confusion on part of the jury, the Court further explicitly explained "if you find that the Defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the Defendant not

guilty." (Tr. 905:17-20.)

The Court's instructions are not only proper but also logically reconcilable. The Court charges the jury that with respect to knowledge of the *objective* of the conspiracy, the jury may convict Defendant with a *mens rea* of conscious avoidance, but with respect to joining and participating in the conspiracy and participating in mail fraud, the jury may only convict the Defendant with a *mens rea* of specific intent. The Second Circuit has permitted a conscious avoidance charge where the Government charges a defendant with conspiracy and a substantive crime. *Khalulpsky*, 5 F.4th 279, 297-98 (2d Cir. 2021) (conscious avoidance jury charge could not have led jury to convict on conspiracy or specific intent crime without fnding necessary intent); *U.S. Tropeano*, 252 F.3d 653, 660 (2d Cir. 2001) (Second Circuit's well-established case-law states a "conscious avoidance theory may support a finding that a defendant knew of the objects of the conspiracy, whether or not the underlying substantive offenses require proof of specific intent.") (citation omitted).

Moreover, even if the Court erred in its conscious avoidance instruction—although again the Court concludes it did not—such an error is harmless. As the Court discusses further below, the Government introduced overwhelming evidence of Defendant's actual knowledge, "render[ing] this dispute over conscious avoidance beside the point." *Khalupsky*, 5 F.4th at 298.

## II.  Weight of the Evidence

Defendant argues the Government did not prove beyond a reasonable doubt that Defendant had the requisite specific intent to join the conspiracies or that he participated in the conspiracies. (Mot. at 8.) Specifically, Defendant maintains that (1) the email evidence proffered by the Government only showed his involvement in legitimate business activities, without any knowledge or involvement in falsifying work hours or invoices, and (2) the Government failed to show any proof that the real estate company he established with his co-defendant Maharaj was illegitimate.

(Mot. at 8-11.) In response, the Government points to a multitude of evidence and testimony it contends "overwhelmingly" proves Defendant intended to join and participate in the conspiracies. (Gov't Opp. at 7-10.) The Court again agrees with the Government.

In challenging the weight of the evidence, Defendant faces an uphill battle. The Court "view[s] the evidence if the light most favorable to the government, crediting every inference that could have been drawn in the Government's favor." *Khalupsky*, 5 F.4th at 287 (citation omitted). Accordingly, the "standard of review is exceedingly deferential to the jury's apparent determinations," and the Court will uphold the challenged convictions if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Defendant has not met this heavy burden.

Defendant raises the same arguments here that he did when he made his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 after the close of the Government's case. (Tr. 755:8-24.) As here, defense counsel argued the Government had not produced "sufficient evidence on any of the counts of Mr. Rains's active participation in either the substantive fraud count, the conspiracy count, or the money laundering"—specifically that the documentary evidence and witness testimony were not sufficient for a rational factfinder to find Defendant guilty. (Tr. 755:19-24.) In response, the Government pointed to the following evidence it introduced at trial, which it also cites in its Opposition: (1) testimony from two witnesses testifying that Defendant was actively involved in the scheme (Tr. 756:17-757:2; Gov't Opp. at 7); (2) witness testimony and other evidence indicating Defendant took action to cover up the fraud after its discovery (Tr. 757:4-8; Gov't Opp. at 8-9); (4) emails to Defendant outlining tasks that were then copy-pasted into fraudulent invoices (Gov't Opp. at 3, 8); and (5) fraudulent invoices, signed by Defendant, that the company paid for work never completed (Tr. 757:16-22; Gov't Opp. at 2, 8). The Court denied Defendant's application from the bench. (Tr. 755:23.)

The Court reaches the same conclusion here. The Government introduced an overwhelming amount of evidence establishing Defendant's guilt. Construing the above in a light most favorable to the Government, the Court concludes that, viewed "in totality," there was sufficient evidence and testimony for a "rationale trier of fact [to] have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Despite Defendant's sparse pieces of evidence and testimony he argues supports his innocence, the Court has no "concern that an innocent person may be convicted." *United States v. Rivera*, 2021 WL 5106631, at *8 (S.D.N.Y. Nov. 3, 2021). Accordingly, the Court finds it would not be manifest injustice to allow the jury's verdict stand based on this evidence. *United States v. Hild*, 644 F.Supp.3d 7, 47 (S.D.N.Y. 2022).

## CONCLUSION

The Court DENIES Defendant's motion for a new trial. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 99.

Dated:   January 18, 2024  
           White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge