USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/18/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Judgment Creditor,

    v.

SHAWN RAINS,

                Judgment Debtor,

    and

CHARLES SCHWAB & CO., INC., as
Successor-in-Interest to TD AMERITRADE,
INC., and JP MORGAN CHASE BANK, N.A.,

                Garnishees.

22 CR 018 (NSR)

**FINAL ORDER
OF GARNISHMENT**

WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205, the United States of America ("the Government") sought, obtained, and served Writs of Garnishment on the Garnishees, CHARLES SCHWAB & CO., INC., as Successor-in-Interest to TD AMERITRADE, INC., and JPMORGAN CHASE BANK, N.A. (Dkts. 162, 165-67, 175), for substantial nonexempt property belonging to or due the Judgment Debtor, SHAWN RAINS;

WHEREAS Garnishee CHARLES SCHWAB & CO., INC. filed an Answer dated January 20, 2026 and docketed on February 5, 2026 (Dkt. 174) stating that it holds the following property of the Judgment Debtor, subject to market fluctuation: one individual brokerage account number ending in 3255 with an approximate value of $995, and one IRA number ending in 2677 with an approximate value of $196,592;

WHEREAS Garnishee JP MORGAN CHASE BANK, N.A. has not filed an Answer, but informed the Government that it holds no property of the Judgment Debtor;

**Final Order of Garnishment – Page 1**

WHEREAS, in compliance with the FDCPA, the Government served the Judgment Debtor with the garnishment process on January 9, 2026 (Dkt. 175);

WHEREAS the FDCPA requires the Judgment Debtor to file a claim for exemption, objection to the Garnishee's answer, or request for a hearing within 20 days after service under 28 U.S.C. §§ 3202(d) and 3205(c)(5), that time has expired, and neither the Court nor the Government has received any such filing by or on behalf of the Judgment Debtor;

WHEREAS, pursuant to 28 U.S.C. § 3205(c)(7), after the Garnishee files an answer, if no hearing is requested within the required time-period, the Court shall promptly enter an order directing the Garnishee as to the disposition of the Judgment Debtor's nonexempt interest in the property held by the Garnishee;

WHEREAS the Judgment Debtor owes $4,842,191.47 in unpaid restitution to the victim of his crimes; and

WHEREAS it is undisputed that the MVRA authorizes the Government to garnish the substantial nonexempt property of the Judgment Debtor held by Garnishee Charles Schwab & Co., Inc.. *See* 18 U.S.C. §§ 3613; 3664(m); *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the garnishment of assets held in a retirement account to satisfy a restitution order); *United States v. Berry*, 951 F.3d 632, 636 (5th Cir. 2020) (affirming garnishment of IRA to pay restitution); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal);

IT IS HEREBY ORDERED that Garnishee CHARLES SCHWAB & CO., INC. shall liquidate securities as needed to pay to the Clerk of Court the full liquidated value of each account of the Judgment Debtor, SHAWN RAINS, less any deductions required by law, and without any additional penalty for early withdrawal, in partial satisfaction of the outstanding restitution debt;

**Final Order of Garnishment – Page 2**

Payments shall be made by a certified check made payable to "Clerk of Court" with "No. 22 CR 018" written on the face of the payment mailed to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier.

Dated: May 18, 2026
White Plains, New York

_____
NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

**Final Order of Garnishment – Page 3**